**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

---

VICTOR EDUARDO MARQUEZ VASQUEZ,

Petitioner,

v. No. 1:26-cv-02832-MLG-JHR

MARKWAYNE MULLIN, et al.,

Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING RESPONDENTS TO IMMEDIATELY RELEASE PETITIONER**

This matter is before the Court on Petitioner Victor Eduardo Marquez Vasquez's Petition for Writ of Habeas Corpus ("Petition"), filed August 27, 2026. *See* Doc. 1. Marquez Vasquez challenges his continued detention without a bond hearing and seeks his immediate release. *Id.* at 18-20, 27. Federal Respondents[1] do not contest the facts or legal arguments presented by the Petition, including that Marquez Vasquez entered the United States on a tourist visa in May 2019 and was detained by federal immigration authorities in July 2026 while he was at a car wash. *Id.* at 10-11, 14-15.

Given the preceding, and because there is no indication that Marquez Vasquez is being held pursuant to 8 U.S.C. § 1226(c), the Court concludes § 1226(a) governs his detention. *See Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1237 (10th Cir. 2026) (holding that "noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)"). Marquez Vasquez's detention

[1] The Court uses "Federal Respondents" to refer to all Respondents in this matter other than the Warden of the Cibola County Correctional Center.

without a bond hearing therefore constitutes an ongoing violation of his right to due process under the Fifth Amendment to the United States Constitution. *See Lopez-Campos v. Raycraft*, 797 F. Supp. 3d 771, 785 (E.D. Mich. 2025) ("The discretionary bond framework under Section 1226(a) requires a bond hearing to make an individualized custody determination . . . . Therefore, without first evaluating [a noncitizen's] risk of flight or dangerousness, his detention is a violation of his due process rights.").

Federal Respondents argue that under *Santillan Quiroz* the "appropriate relief would be an Order directing that Respondents, within seven days of this Court's Order, provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a), or else release Petitioner." Doc. 7 at 1. But in habeas corpus proceedings, "a federal court 'possesses power to grant *any form of relief necessary* to satisfy the requirement of justice.'" *Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (quoting *Levy v. Dillon*, 415 F.2d 1263, 1265 (10th Cir. 1969)). Immediate release is the appropriate remedy for the due process violation in this case. *See Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("The typical remedy for [unlawful executive] detention is, of course, release."); *see also Sosa v. De Azbarra*, No. 1:26-cv-01167-SMD-GJF, 2026 WL 1453999, at *3 (D.N.M. May 22, 2026) (ordering a petitioner's immediate release rather than a bond hearing); *cf. Cruz-Reyes v. Bondi*, 818 F. Supp. 3d 875, 887 (S.D. Tex. 2026) ("Ordering a bond hearing under § 1226(a), after [the petitioner] has been taken into custody [and erroneously detained under a mandatory detention provision], cannot make up for the lack of an initial, individualized determination process by ICE.").

It is hereby ordered:

1. Respondents must immediately release (no later than forty-eight hours from this Order's filing) Marquez Vasquez from custody.

2. Upon Marquez Vasquez's release, Respondents must return all of his property, including any identification documentation that was in his possession when he was detained.

It is so ordered.

UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA